UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CR-00017-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| ALEXANDER ANDREW MILNE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* motion requesting a reduction in sentence under Amendment 821 [Doc. 2080]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 2081]. The Government has filed a response in opposition. [Doc. 2082]. For the following reasons, Defendant's motion is **DENIED**.

## I.  BACKGROUND

On October 11, 2018, Defendant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine. [*See* Docs. 602, 664]. Based on a total offense level of 31 and a criminal history category of VI, Defendant's guideline range was 188 to 235 months [Doc. 766, ¶ 79]. The Court sentenced Defendant to 188 months' imprisonment [Doc. 915]. Defendant is currently housed at USP Coleman II with a projected release date of February 8, 2032. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 25, 2026). He now seeks a sentence reduction pursuant to Guideline Amendment 821, "as well as any relief for [his] gun enhancement, drug purity," and his participation in the

1

Bureau of Prison's federal gang debrief program. [Doc. 2080]. He also seeks the appointment of counsel. [*Id.*].

## II. ANALYSIS

As an initial matter, Defendant's request for counsel is moot. Pursuant to Standing Order 24-05, the Federal Defender Services of Eastern Tennessee was appointed to represent him in his request for relief under Amendment 821. An Assistant Federal Defender has already reviewed his case consistent with that order and determined that she will not file a supplemental motion at this time. [Doc. 2081].

Moving to Defendant's request for a sentence reduction pursuant to Amendment 821, the Court finds that Defendant is ineligible for such relief. "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to §

2

4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received seventeen criminal history points, two of which were status points. If he were sentenced today, he would receive one status point. That would reduce his criminal history points from seventeen to sixteen. But sixteen criminal history points puts Defendant in criminal history category VI, the same category he was in when originally sentenced. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Defendant has also failed to identify any statute, and the Court is not aware of any, that would permit the Court to modify his sentence related to drug purities, his gun enhancement, or his participation in rehabilitative programs while incarcerated. Accordingly, he is not entitled to the relief he has requested.

III.    CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 2080] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

3